THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ANDRÉS ORONA MERCED ET AL., Defendants and Appellants.

No. CR-62-413.    Decided October 28, 1963.

330

*Guillermo S. Pierluisi* for appellants. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

Mr. Justice Ramírez Bages delivered the opinion of the Court.

Andrés Orona Merced, Leonardo Rentas Maldonado, Orlando Zengotita Ruiz, Pedro Juan Román Rosado, Oscar Torres Torres, and John Doe, k/a Luis and as "El Estudiante," were accused by the prosecuting attorney of a crime of robbery. The trial against the first three was held on September 27, 28, 29, 1961 in the Superior Court, Ponce Part, and the jury sitting at the trial returned a verdict of not guilty in the case against Zengotita, and of guilty in the case of the first two on whom said court imposed a sentence of 5 to 10 years in the penitentiary.

On appeal defendants-appellants assign the following two errors committed by the trial court:

1. "The trial court committed error in allowing the prosecuting attorney to refer in his report to the jury to witnesses

corporations' personal property are § 317, related to 322, of said legal body, 13 L.P.R.A. §§ 464 and 468.

Rafael Martínez Medina and Ana María de Jesús, whom he had waived as witnesses in the sense that their testimonies corroborated the testimonies of Antonio Batis and his wife, witnesses for the prosecution, as well as in refusing to instruct the jury at the request of the defense, to blot from their minds everything related to the testimony of said witnesses, for they did not testify during the course of the trial."

2. "The trial court erred in allowing witness Julián Gómez, Insular policeman, to testify in relation to acts of the codefendant Pedro Juan Román Rosado, and in relation to the seizure of a gun from him, which facts occurred three days after the date of the commission of the crime and while no trial was being held against said codefendant Pedro Juan Rosado."

■ For the purpose of deciding the case we shall discuss the second error first. This error was not committed. Prior to the testimony objected the prosecuting attorney had presented evidence that the codefendants, upon entering the house of the victim, Antonio Batis Oliveras, each of them aimed a pistol at him and "fired a shot to the floor so that he would not scream." Batis identified one of said weapons as the one which was fired. Then, a sergeant of the police testified in relation to a bullet cap which he found in the place where the shot had been fired. Then, evidence was presented to the effect that said cap was fired by the pistol in question. After these facts were established the testimony objected to was presented to establish how, where, when, and on whom was said weapon seized. Such testimony constituted relevant evidence. Finally, it dealt with acts of a conspirator carried out after the conspiracy is completed. Said acts are admissible against the conspirators, for they tend to confirm the facts of the conspiracy or demonstrate the intent of the conspirators. *People* v. *Castro*, 75 P.R.R. 630, 651 (1953).

In our judgment, the first error was committed. For the purpose of a clear understanding of the way and manner the same was committed, it is necessary to make an exten-

sive relation of the incident which caused it, as it appears from the record. When the prosecuting attorney finished presenting his evidence he informed the court that since he deemed it to be cumulative evidence he waived the testimony of Humberto Santos, Rafael Martínez Medina, nursemaid Ana María de Jesús, and Santos H. Godineaux, witnesses whose names appeared in the back of the information. We copy from the stenographer's record at pp. 402–409, the following:

" (The prosecuting attorney starts to inform the ladies and gentlemen of the jury.)

MR. PIERLUISI:

Objection, what is that? The prosecuting attorney states here that the nursemaid . . . The prosecuting attorney cannot speculate as to a witness whom he did not have, not to say the courage, the disposition to present her as witness. If the prosecuting attorney wanted the ladies and gentlemen of the jury to appraise the testimony of the nursemaid, he had to present her.

JUDGE:

What reference has he made?

PROSECUTING ATTORNEY:

As to the cumulative evidence which was at the disposition of the defense and the defense conferred with her. If it had not been offered to them, *or if they had not been told the same thing, why they did not call her?*

MR. PIERLUISI:

What the prosecuting attorney is saying is that the testimony of witness Martínez Medina corroborates the testimony of Antonio Batis and his wife; he also indicates that the nursemaid's testimony also corroborates these testimonies and he starts talking on those details.

We request an instruction to the jury in the sense that they should blot from their minds everything in relation to the nursemaid for she did not testify, and her testimony cannot be considered because it has not been offered and it is not in evidence. The jury is a judge and it is an elemental principle that a

judge may decide the case on the evidence offered and admitted, not on that which has not been offered and admitted.

The fact that the prosecuting attorney waived his witnesses and we did not take them, we are not bound to do so, as the prosecuting attorney is not bound to take the witnesses waived by the defense. That is no reason for the prosecuting attorney to say and start speculating with a testimony which has not been presented, which the jury has not heard and we have not cross-examined.

PROSECUTING ATTORNEY:

If our colleague searches for the law and the decisions which states that when a party waives a witness because it believes it to be cumulative and puts him at the disposition of the other party, *Your Honor knows that it is because if he testifies he would do so in the same or similar terms.*

JUDGE:

Everything has a purpose, that is, when cumulative evidence is offered which is evidence of the same nature as the one presented, there is the presumption that those witnesses will testify substantially the same to all or some of the points contained in previous testimonies. *Precisely, that is why they are placed at the disposition of the defense in the event that after conferring with them it is possible for them to alter that presumption.* We believe that the position assumed by the prosecuting attorney is correct.

MR. PIERLUISI:

We request the reconsideration. Your Honor commits a serious error in deciding in that fashion for the following reasons: There is no presumption in the law that when a witness is waived, if the prosecuting attorney waived certain witnesses because in his opinion it was cumulative evidence, no legal presumption arises in the sense that said evidence, if presented, would be the same as the others. There is no presumption in law nor in the case law that I know of. The only thing I know is that no party is bound to present all the witnesses and when he considers he has proved his case prima facie, he may waive those witnesses whom he believes are cumulative. What does exist at law is that it is presumed that a party which offers a witness and does not use him it is because he will be adverse.

It is just the opposite, a party which offers a witness and includes him in the information, brings him and is sworn. . . .

JUDGE:

It is a different situation.

MR. PIERLUISI:

But let me finish . . . It is presumed he is adverse and to prevent, I want this incident to appear in record, to prevent said presumption from being effective, to avoid that said presumption may operate is that the prosecuting attorney, or the defense, should offer them, offer the witnesses to the other party. By doing that there is no presumption against it, but never the way Your Honor has decided. That is why we ask Your Honor to reconsider and instruct the jury to blot from their minds everything concerning what he has testified, according to the prosecuting attorney, to everything related to the testimony of the nursemaid in this case . . . what is her name, prosecuting attorney?

PROSECUTING ATTORNEY:

Ana María de Jesús. . . . because it is not in record, because she did not testify.

JUDGE:

The reconsideration is denied.

MR. PIERLUISI:

Exception.

JUDGE:

Exception taken.

MR. MARTÍNEZ COLÓN:

We represent one of the defendants and we also take exception.

JUDGE:

Exception taken by each one of the defendants.

MR. PIERLUISI:

We are going to request for an instruction in the sense that since the ruling of Your Honor has been expressed in that sense, it is also cumulative evidence as to each and every one of the contradictions of the witnesses which are of a cumulative nature, that is, that if it is of cumulative nature it must be in the

things in which there is no contradiction as well as in the ones where there was contradiction.

JUDGE:

The colleague should write out that instruction.

PROSECUTING ATTORNEY:

We do not agree with counsellor.

JUDGE:

Go ahead, prosecuting attorney.

MR. PIERLUISI:

We are going to request that the report of the prosecuting attorney be taken in stenographic notes.

JUDGE:

Take the last words of the prosecuting attorney, stenographically, so that they appear in the record.

PROSECUTING ATTORNEY: (Report)

As I was saying and at the request of Mr. Pierluisi, I am going to repeat what I said previously, so that the stenographer takes it in shorthand and counsellor may make the pertinent objections in relation to the proceeding which he will deem to be convenient afterwards.

*I was telling you that the testimony of Batis and Teresa Vázquez Batis is also corroborated by the evidence which we did not present and offered as evidence of a cumulative nature, evidence which was not presented, but offered as evidence of a cumulative nature,* but that it was placed at the disposition of counsel for the defense, who by order of the judge presiding in this court conferred with the witnesses. What is the purpose of this conference? The purpose is to prevent that evidence offered as of cumulative nature, if not checked by the other party, may in some way be different or nonexistent, or contradictory or adverse evidence. *Because without said opportunity it is very easy for me to waive three witnesses whose names appear in the back of the information, to say that it is cumulative evidence, I do not present it and perhaps they testify just the opposite* to what the other three had testified. That is why when it is not cumulative evidence it is waived and is placed at the disposition of the defense, but nothing is said; but when it is so, and in this case you were present when the witnesses who were

called by their names were waived and an opportunity was given to the defense to confer with them.

Then we have the evidence . . . .

MR. PIERLUISI:

Prosecuting attorney, you said a while ago that that witness, the nursemaid, who has not testified, corroborates the testimony of Batis and his wife. You must inform that to the jury to be entered in the record. That is, Your Honor may correct me if I am wrong, the prosecuting attorney stated to the ladies and gentlemen of the jury *that the testimony of the nursemaid Ana María de Jesús, witness waived by the prosecuting attorney as being cumulative evidence, that said testimony corroborates affirmatively the testimony of Antonio Batis and his wife. Is that right, prosecuting attorney*?

PROSECUTING ATTORNEY:

Yes, sir.

MR. PIERLUISI:

Now I ask Your Honor again with all my respect a reconsideration, *for this constitutes a prejudicial error to the interests of our defendants since the prosecuting attorney cannot, as a matter of principle, inform the jury except on evidence presented herein.*

(He continues arguing)

JUDGE:

*The motion of reconsideration overruled.*

MR. PIERLUISI:

Exception.

PROSECUTING ATTORNEY:

Since there is a ruling of the court, let an exception be entered as to everything I say in regard to this particular.

JUDGE:

Let be it understood that an exception has been taken by the counsel for the defense as to that part." (Italics ours.)

■ We said in *People* v. *Fournier*, 80 P.R.R. 376, 394 (1958), that no argument is legitimate if it refers to evidence which was not admitted at the trial. This is precisely what appears from the incident which we just copied from

the record of this case. And the error was not cured by warning or instruction to the jury. On the contrary, the trial judge mistakenly supported the improper position of the prosecuting attorney. In *People* v. *Ruiz*, 79 P.R.R. 902 (1957), we upheld the denial of the motions for mistrial based on the fact that the prosecuting attorney in his argument to the jury disclosed to them "elements which were not supported by the evidence," because the trial court gave the jury adequate instructions to protect the appellant from the prosecuting attorney's statement, objected by him. In the case at bar not only did it not try to correct the error but, as we said before, the trial court upheld the erroneous position of the prosecuting attorney. In *People* v. *Marchand*, 53 P.R.R. 640, 659 (1938), the violation by the prosecuting attorney of the rule that no comment shall be allowed on matters which have not come before the jury during the trial, consisted in informing the jury that a witness who had testified at the trial had been at the prosecuting attorney's office to inform him that they had given him money to go to the United States. We held that said statement was inevitably prejudicial, it could not be corrected by instructions and the failure to make an objection when it was made did not preclude raising the question on appeal.[1] *Berger* v. *United States*, 295 U.S. 78 (1935).

■ The act of the prosecuting attorney in announcing that he waived the testimony of various witnesses because they were of cumulative nature, in the presence and with the consent of the court and without objection on the part of the defense, as it happened in this case, had as its only consequence the failure to create the presumption against him provided by § 102, subd. 5 of the Law of Evidence.

[1] See also F. X. Busch, Law and Tactics in Jury Trials, § 521 (The Bobbs-Merrill Company, Inc., Publishers); Orfield, Criminal Procedure from Arrest to Appeal 442 (Oxford University Press); VI Wigmore, Evidence, §§ 1806 and 1807 (3d ed., Little, Brown & Company).

338

(32 L.P.R.A. § 1887, subd. 5.) *People* v. *Dones*, 56 P.R.R. 201, 213 (1940); *People* v. *Ramírez*, 50 P.R.R. 224, 248 (1936); *People* v. *Campán*, 34 P.R.R. 102, 105 (1925).

In view of the foregoing, the prosecuting attorney could not inform the jury that the testimony of various witnesses had been corroborated for he did not present said witnesses "because since they would be evidence of cumulative nature . . . we waive them and put them at the disposition of the defense and that is our case."

A substantial error having been committed in making improper statements, which in all probability prejudiced the jury against appellant, particularly since instead of giving instructions, as requested by appellant, for the purpose of trying to cure the error and vanish any bad effect which the statement challenged could have produced in the jury and the trial court having upheld the erroneous action of the prosecuting attorney, the judgment of the trial court should be reversed and the case remanded for a new trial and it is so ordered.

